UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/4/2021__

DENISE B. ANDERSON,

                                    Plaintiff,

                    -against-

RITE AID PHARMACY,

                                    Defendant.

20-CV-10400 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

        Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C.

§§ 621-634, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. She

alleges that her employer discriminated against her based on her race and color, national origin,

and age. By order dated January 28, 2021, the Court granted Plaintiff's request to proceed *in

forma pauperis* (IFP).

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be

issued. The Court therefore extends the time to serve until 90 days after the date the summons is

issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Rite Aid Pharmacy through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue a summons and complete the USM-285 forms with the address for Rite Aid Pharmacy and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   February 4, 2021
        New York, New York

_____
ALISON J. NATHAN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.      Rite Aid Pharmacy
        c/o Tracy L. Adams
        Manager, Corporate HR Services
        30 Hunter Lane
        Camp Hill, PA 17011